(22 Misc. Rep. 342.)

BLUM v. DALY.

(Suprème Court, Appellate Term.   January 17, 1898.)

SALE—REFUSAL TO ACCEPT—ACTION FOR PRICE.
 A purchaser of certain goods, being dissatisfied with part of them, of- fered to return that part and retain the rest, which offer was not ac- cepted.   Thereupon he returned them all.   In a subsequent action by the seller to recover the entire purchase price, the justice gave judgment for the plaintiff for the portion which defendant had offered to retain. *Held* error, for defendant's offer, not being accepted, was not binding, and if, as found by the justice, he was not bound to accept all, he was not bound to accept any.

Appeal from Fifth district court.
Action by Jacob Blum against Ambrose Daly.   From a judgment for plaintiff, defendant appeals.   Reversed.
Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

D. A. Spellissy, for appellant.
John Bogart, for respondent.

McADAM, J.   The item of the plaintiff's account litigated before the justice was that of March 9, 1897: "16 skirts, $4.50 each, $72." These were selected by the defendant's agent, Mr. Brennan.   When the skirts were received and examined at the defendant's store, Brennan insisted that they were not the same goods he ordered. The evidence shows that the examination disclosed that 10 of the skirts were all right, and 6 much inferior to those selected.   The defendant thereupon offered to return the 6 skirts, and said he was willing to buy the other 10, because he liked them; but the plain- tiff's son, who managed his father's business, declined to assent to this, and said that the defendant must send back the whole lot, if the goods were unsatisfactory.   Acting upon this direction, the defendant, some days afterwards, returned the 16 skirts to the plaintiff.   The justice disallowed the charge for the objectionable 6 skirts, but gave judgment against the defendant for the other 10, on the theory that by offering to return 6, and proposing to purchase the other 10 skirts, he had elected to accept the latter, and in conse- quence became liable for their purchase price.   To hold that the defendant had elected to do anything of the kind presupposes that the plaintiff had given him the option of determining whether he would accept 10 or 16 of the skirts, when such an inference is directly contrary to the fact.   It is unnecessary for us to consider whether there was an acceptance of the entire 16 skirts by the defendant, for the finding by the justice negatives that; and, if the

defendant was not bound to accept all, he was under no obligation to accept any. The defendant's proposition to purchase and retain 10 of the skirts was not an executed election on his part to accept the 10. It was, at most, a mere offer, not binding until accepted by the plaintiff. The rule is elementary that both parties must be bound, or neither is bound; in other words, there must be mutuality of engagement. Clark, Cont. (Hornbook Ed.) 168. In order to constitute a contract, it is essential that there should be reciprocal assent to a certain and definite proposition. A mere offer, not assented to, constitutes no contract; for there must not only be a proposal, but an acceptance thereof. So long as a proposal is not acceded to, it is binding upon neither party, and may be retracted. Story, Cont. § 378. The parties must assent to the same thing in the same sense, and the proposition must be met by an acceptance which corresponds with it entirely and adequately. 1 Pars. Cont. (6th Ed.) 475, 476. There is no evidence that the plaintiff gave any assent to change the contract as originally made. On the contrary, he, throughout, treated the sale as entire and indivisible, and brought this action on that theory. The justice could not, of his own motion, make an election for the plaintiff by splitting his indivisible demand without the consent of the parties interested, however equitable that course might seem. If, for any reason, the defendant was entitled to return the property, he was, on the evidence, bound to do as he did,—return all.

It follows that the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.